```
                   UNITED STATES DISTRICT COURT
                     DISTRICT OF CONNECTICUT

-------------------------------- x
NIRJALA RAJKARNIKAR,             :
                                 :
          Plaintiff,             :
                                 :
v.                               :
                                 :   Civil No. 3:21-cv-01254 (AWT)
BLUE TARP reDEVELOPMENT, LLC MGM :
SPRINGFIELD, and MGM RESORTS     :
INTERNATIONAL,                   :
                                 :
          Defendants.            :
                                 :
-------------------------------- x
```

### RULING ON MOTION TO DISMISS

The pro se plaintiff, Nirjala Rajkarnikar, brings suit against Blue Tarp reDevelopment, LLC d/b/a MGM Springfield, a Massachusetts limited liability company ("MGM Springfield"), and MGM Resorts International ("MGM Resorts"), a Delaware corporation. In her Amended Complaint for Employment Discrimination (the "Amended Complaint") (ECF No.1 & ECF No.15), the plaintiff claims that the defendants terminated her employment on the basis of her race, color, sex, and national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). The defendants move to dismiss the Amended Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons set forth below, the motion to dismiss is being granted.

## I. FACTUAL BACKGROUND

The plaintiff alleges that she was employed by the defendants for a period of time that included January, February, March, and April 2021. See ECF No.1 at ¶¶ 4, 6, 8. She further alleges that the defendants discriminated against her on the basis of her race, color, sex, and national origin on several occasions while she was employed by them, including at least one incident of retaliation and her eventual termination on April 19, 2021. ECF No. 1 at ¶¶ 5,8; ECF No. 15 at ¶ 4. The plaintiff filed a charge with the United States Equal Employment Opportunity Commission, and she received a Notice of Right to Sue on July 14, 2021. The plaintiff commenced this action pro se on September 21, 2021, and she amended her Complaint on October 18, 2021.

The defendants represent that they are foreign business entities and not registered to do business in Connecticut. They point out that the Amended Complaint does not allege any activity by either defendant related to Connecticut. The plaintiff does not dispute the foregoing.

## II. LEGAL STANDARD

"District courts resolving issues of personal jurisdiction must . . . engage in a two-part analysis. First, a district court must determine whether, under the laws of the forum state . . ., there is jurisdiction over the defendant. Second, [it]

must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." Grand River Enters. Six Nations Ltd. V. Pryor, 425 F.3d 158, 165 (2d Cir. 2005)(internal quotations and citations omitted).

When responding to a motion to dismiss for lack of personal jurisdiction, "the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant." Id. Where a defendant challenges "only the sufficiency of the plaintiff's factual allegation, in effect demurring by filing a Rule 12(b)(2) motion, the plaintiff need persuade the court only that its factual allegations constitute a prima facie showing of jurisdiction." Ball v. Metallurgie Hoboken-Overpelt, S.A., 902 F.2d 194, 196 (2d Cir.1990). "When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials ... the allegations in the complaint must be taken as true to the extent they are uncontroverted by the defendant's affidavits." Seetransport, Wiking, Trader, Schiffanhtsgesellschaft, MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala, 989 F.2d 572, 580 (2d Cir.1993)(quoting Taylor v. Phelan, 912 F.2d 429, 431 (10th Cir.1990) (per curiam) (citations omitted), cert. denied, 498 U.S. 1068 (1991).

When considering the sufficiency of the allegations in a pro se complaint, the court applies "less stringent standards

than [those applied to] formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972); see also Branham v. Meachum, 77 F.3d 626, 628-29 (2d Cir. 1996). Furthermore, the court should interpret the plaintiff's complaint "to raise the strongest arguments [it] suggest[s]." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

### III. DISCUSSION

The Amended Complaint contains numerous claims of discrimination by the defendants against the plaintiff on the basis of the her race, color, sex, and national origin in violation of Title VII, including termination, retaliation, unmerited disciplinary action, threats, and harassment. See ECF No. 1 at ¶¶ 3, 4, 5; see ECF No. 15 at ¶ 4.

The defendants move to dismiss the Amended Complaint for lack of personal jurisdiction on two grounds. First, they argue that they are not covered by the applicable Connecticut long-arm statutes that would permit the exercise of personal jurisdiction over foreign business entities. Second, they argue that they lack minimum contacts in Connecticut such that exercising personal jurisdiction over them would violate due process. The court agrees that the defendants are not covered by the applicable Connecticut long-arm statutes, and because there must be a basis for jurisdiction over the defendants under the laws of the forum state, see Pryor, 425 F.3d 158, 165, the court does

not address the defendants' due process argument.

As to defendant MGM Resorts, Section 33-929 of the Connecticut General Statutes permits the exercise of personal jurisdiction over foreign corporations under certain circumstances. See American Wholesalers Underwriting, Ltd. v. American Wholesale Ins. Grp., Inc., 312 F. Supp. 2d 247, 252 (D.Connn. 2004). Section 33-929(f) provides:

> Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; (2) out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state; (3) out of the production, manufacture or distribution of goods by such corporation with the reasonable expectation that such goods are to be used or consumed in this state and are so used or consumed, regardless of how or where the goods were produced, manufactured, marketed or sold or whether or not through the medium of independent contractors or dealers; or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929(f).

"The Connecticut Supreme Court has interpreted this section to require inquiry not only into the various elements of the plaintiff's cause of action, spelled out in the various subparts

of subsection [(f)], but also into the totality of contacts which the defendant may have with the forum." American Wholesalers Underwriting, 312 F. Supp. 2d at 252 (D.Connn. 2004) (quoting Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 254-55 (1983))(internal quotations omitted).

As MGM Resorts is a Delaware corporation, the court evaluates the plaintiff's claims against MGM Resorts and its contacts with Connecticut under Section 33-929(f). The plaintiff does not contend that her claim for employment discrimination arises out of a contract between herself and MGM Resorts made in Connecticut or to be performed in Connecticut. Nor does she contend that her claim arises out of the production, manufacture, or distribution of goods by MGM Resorts that were used or consumed in Connecticut. Also, she does not contend that her claim arises from tortious conduct in Connecticut. Thus, clauses (1), (3), and (4) of Section 33-929(f) need not be addressed.

Clause (2) of Section 33-929(f) permits the exercise of personal jurisdiction over a foreign corporation when a cause of action arises "out of any business solicited in this state by mail or otherwise if the corporation has repeatedly so solicited business, whether the orders or offers relating thereto were accepted within or without the state." Conn. Gen. Stat. § 33-929(f)(2). The plaintiff argues that jurisdiction is proper

because the defendants repeatedly solicited business in Connecticut using billboards, radio advertisements, and the mail. See Pl.'s Mem. Opp. (ECF No. 57) at 1. The defendants argue that, assuming arguendo that the plaintiff's assertions regarding the defendants' solicitation of business are true, such conduct is insufficient to confer personal jurisdiction over the defendants because that conduct is not related to the plaintiff's employment.

The plaintiff points to nothing that connects repeated solicitation of business in Connecticut by MGM Resorts to her employment. Therefore, construing the Amended Complaint and the plaintiff's other submissions to the court in the light most favorable to the plaintiff, MGM Resorts is not covered by Section 33-929(f)(2).

As to defendant MGM Springfield, Section 52-59b of the Connecticut General Statutes permits the exercise of jurisdiction over foreign LLCs. See Austen v. Catterton Partners V, LP, 729 F. Supp. 2d 548, 559 (D. Conn. 2010). Section 52-59b provides:

> As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual, foreign partnership or foreign voluntary association, or over the executor or administrator of such nonresident individual, foreign partnership or foreign voluntary association, who in person or through an agent: (1) Transacts any business within the state; (2) commits a tortious act within the state, except as to a cause of

> action for defamation of character arising from the act; (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if such person or agent (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; (4) owns, uses or possesses any real property situated within the state; or (5) uses a computer, as defined in subdivision (1) of subsection (a) of section 53-451, or a computer network, as defined in subdivision (3) of subsection (a) of said section, located within the state.

Conn. Gen. Stat. § 52-59b(a).

As MGM Springfield is an LLC, the court evaluates the plaintiff's claims against MGM Springfield and its contacts with Connecticut under Section 52-59b. First, it is undisputed that the defendants do not transact any business in Connecticut. Second, as discussed above, the plaintiff does not contend that there was any tortious conduct in Connecticut. Nor does she contend that there was any tortious conduct outside Connecticut which caused injury to a person or property in Connecticut. Third, it is undisputed that the defendants do not own or possess any real property in Connecticut. Finally, it is undisputed that the defendants have never used a computer or computer network in Connecticut, as those terms are used in Section 52-59b(a)(5). Therefore, construing the Amended Complaint and the plaintiff's other submissions to the court in

-8-

the light most favorable to the plaintiff, MGM Springfield is not covered by Section 52-59b.

In order to defeat a motion to dismiss based on Rule 12(b)(2) of the Federal Rules of Civil Procedure, the plaintiff must show that the court has jurisdiction over a defendant. See Pryor, 425 F.3d 158, 165. The plaintiff has failed to show that her claims against either defendant are covered by the applicable long-arm statute that would permit the exercise of jurisdiction over that defendant, so the motion to dismiss must be granted as to each defendant.

## IV. CONCLUSION

For the reasons set forth above, the Motion to Dismiss (ECF No. 43) is hereby GRANTED.

The Clerk shall close this case.

It is so ordered.

Dated this 19th day of October 2022, at Hartford, Connecticut.

                                    _____
                                    Alvin W. Thompson
                                    United States District Judge